UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL J. TAYLOR,<br>           Petitioner,<br>   v.<br>CONTRA COSTA COUNTY SHERIFF'S OFFICE,<br>           Respondent. | Case No. 25-cv-07744-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. Nos. 2, 4 |

Darnell J. Taylor ("Petitioner") has filed a pro se petition for a writ of habeas corpus. Petitioner has also requested leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4.

## DISCUSSION

### STANDARD OF REVIEW

The Court may consider a petition for writ of habeas corpus filed by a person in custody only on the ground that the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a) (custody pursuant to state court judgment). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### PETITION

Petitioner says he was charged with robbery but declared incompetent on August 5, 2025 during state court proceedings in Contra Costa County Superior Court. Dkt. No. 1 at 1-2. Petitioner is currently housed at the Department of State Hospitals -- Metropolitan, in Norwalk,

1   California.  Dkt. No. 4.  Petitioner lists the following grounds for relief.  Petitioner is being

2   unlawfully confined and has been falsely found to be incompetent to facilitate California state

3   employees' mismanagement and attempted theft of his federally authorized payments that would

4   render him a trillionaire if disbursed.  Vallejo Police Department officer Komoda attempted to

5   steal Petitioner's federally authorized FEMA payments by depositing the payments into an

6   account tied to Petitioner's unfiled EIN number instead of Petitioner's social security number,

7   which has the result of denying Petitioner access to these payments.  Without these payments,

8   Petitioner cannot pay for bail.  Petitioner refused to take a plea deal so he was declared

9   incompetent.  Petitioner's public defender has not acted in Petitioner's best interests.  *See*

10  *generally* Dkt. No. 1.  Petitioner reports that he has not appealed the incompetency finding in state

11  court or otherwise sought relief in the state courts regarding his allegedly unlawful or

12  unconstitutional state custody.  Dkt. No. 1 at 2-3.

**DISMISSAL**

The petition is dismissed.  Even when read generously for a pro se litigant, Petitioner has not alleged that his custody violates either the federal Constitution or law or treaties of the United States.  Petitioner's belief that Officer Komoda wanted to steal his federal payments is not plausibly alleged.

There is also a *Younger* abstention issue.  As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm or absent a showing of the state's "bad faith, harassment, or any other unusual circumstance that would call for equitable relief."  *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971).  "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding.  *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir. 2023); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, all four criteria for *Younger* abstention are satisfied. The underlying criminal proceedings are pending. The state has an important interest in administering their criminal justice systems free from federal interference. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Petitioner can raise constitutional challenges to the incompetency finding in the state courts. The relief requested is that this Court take the place of the state trial court in determining Petitioner's competency.

As a closing observation, it is unclear whether Petitioner is seeking federal habeas relief pursuant to Section 2254, which requires that his custody be pursuant to a state court judgment, or Section 2241. To the extent that Petitioner seeks relief pursuant to Section 2254, Petitioner must first exhaust his state court remedies. *See* 28 U.S.C. § 2254(b) (before petitioner may bring Section 2254 petition to challenge fact of confinement, petitioner must first exhaust state judicial remedies); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Petitioner has stated in his petition that he has not challenged the legality of his custody in the state court. Dkt. No. 1 at 2-3.

## CONCLUSION

The Court grants Petitioner's requests to proceed *in forma pauperis* Dkt. Nos. 2, 4; and dismisses this petition for a writ of habeas corpus. The Court denies a certificate of appealability, as Petitioner has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: October 17, 2025

JAMES DONATO
United States District Judge